IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DON ACREE ) | |
| ) | |
| v. ) | No. 3:11-0073 |
| ) | Judge Trauger/Bryant |
| DAVID RANDY KENNEDY and C. DEWEY ) | |
| BRANSTETTER, JR. ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On February 9, 2011, this civil action was referred to the undersigned for, *inter alia*, a frivolity review under 28 U.S.C. § 1915(e)(2)(B). (Docket Entry No. 8) That subsection of the pauper statute requires dismissal of the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Having considered the allegations of plaintiff's complaint (Docket Entry No. 1) against this standard, the undersigned recommends that the complaint be DISMISSED as it both fails to state a claim and seeks monetary relief from defendants immune from such relief.

### II. Review of the Complaint

Plaintiff, proceeding *pro se*, submitted his complaint for filing along with a motion for leave to proceed *in forma pauperis* on January 24, 2011. The complaint is filed pursuant to 42 U.S.C. § 1983, and alleges that defendants David Randy Kennedy and C.

Dewey Branstetter, Jr., conspired to deprive plaintiff of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. (Docket Entry No. 1 at 1) Plaintiff alleges that "[b]eginning about January 2009," defendants "conspired to prosecute and did prosecute Don Acree on January 11, 2010 . . . for criminal contempt of court for which he was sentenced to 330 days in the Davidson County Jail." Id. Defendant Kennedy, a judge for the seventh circuit court of Davidson County, is alleged to have denied plaintiff his right to the assistance of counsel in defense of the criminal contempt charge, despite having been informed in open court, on or about February 2009, of plaintiff's lack of financial ability to secure his own counsel. Id. at 2. Plaintiff alleges that this deprivation resulted in his failure (due to lack of knowledge) to invoke his right to be tried by a different judge than the one who found him in contempt, and that his ultimate penalty was increased by missing several contempt-of-court hearings before Judge Kennedy. Id.

Plaintiff further claims that defendant Kennedy violated plaintiff's right to due process of law when he "made a private, partial decision to convict [plaintiff] of contempt before a hearing or trial . . . [as] evidenced by the fact that Kennedy stated in open court 'We all know why Don is not here,' when Don Acree missed a contempt-of-court hearing." Id. at 2-3. Plaintiff further alleges that on the first day of his contempt trial, defendant Kennedy's court officer asked attorney Greg King if he was plaintiff's counsel, and stated "Good luck!" when attorney King replied that he was counsel for plaintiff. Id. at 3.

Plaintiff next claims that defendants violated his rights to due process and equal protection of the laws when they selectively prosecuted him for violating a court order prohibiting distribution or providing access to certain medical records of a respondent in a

conservatorship proceeding, when his "was not nearly as egregious a violation of the court's order as was co-conservator M. Beth Boone's actions . . . [, y]et Mr. Branstetter intentionally declined to prosecute Miss Boone for contempt-of-court." Id. at 3-4.

As a remedy for the alleged constitutional deprivations, plaintiff seeks an award of $330,000.00 in compensatory damages, unspecified punitive damages, and the costs of bringing this action. Id. at 5.

### III. Analysis

Chief among the problems with this civil rights complaint is the fact that it seeks money damages against defendants who are immune from such relief, and indeed from suit generally. Although plaintiff argues in his complaint that absolute judicial immunity does not apply when the judge violates a criminal defendant's constitutional rights,[1] this is simply not so. "Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits." Ireland v. Tunis, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing Mireles v. Waco, 502 U.S. 9 (1991)). "Such far-reaching protection 'is justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" Id. (quoting Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997) and Byers & Anderson, Inc., 508 U.S. 429, 435

---

[1] Plaintiff cites Ex parte Young, 209 U.S. 123 (1908), as support for this contention. Ex parte Young recognizes an exception to the states' sovereign immunity under the Eleventh Amendment, which allows a federal court to issue prospective injunctive and declaratory relief compelling a state official to comply with federal law. However, counties and county officials are not protected by the Eleventh Amendment to begin with, but are subject to suit under § 1983. Alkire v. Irving, 330 F.3d 802, 814 (6th Cir. 2003). Even if the state were sued here and Ex parte Young applied, it would not allow for retroactive relief to compensate for a violation of federal law. Quern v. Jordan, 440 U.S. 332, 338 (1979).

(1993)).  Moreover, "the judicial process is largely self-correcting:  procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results."  Mitchell v. Forsyth, 472 U.S. 511, 522-23 (1985).  Accordingly, there are only two situations in which absolute judicial immunity is overcome:  where the source of the alleged injury is an action which is not taken in the judge's judicial capacity, or one which is taken in the complete absence of all jurisdiction.  Ireland, 113 F.3d at 1440 (quoting Mireles, 502 U.S. at 11-12).  Absolute prosecutorial immunity derives from judicial immunity, representing an extension of that doctrine to the prosecutor when the prosecutor's challenged activity is closely related to his role as an advocate intimately associated with the judicial phase of the criminal process.  Id. at 1443.

    Plaintiff does not allege that defendant Kennedy, in failing to appoint counsel in 2009 after plaintiff declared his indigency in open court, or in allegedly prejudging his case, acted in the complete absence of all jurisdiction.  He also does not allege that Judge Kennedy's failure to appoint counsel was a non-judicial act, i.e., an act that was not taken in the judge's judicial capacity.  Rather, he alleges that the failure to appoint counsel was a constitutional violation which trumps judicial immunity.  As to the allegation that defendant Kennedy made a "prior, partial decision" to convict plaintiff of contempt, plaintiff alleges that such decisions are not judicial acts, citing Lopez v. Vanderwater, 620 F.2d 1229 (7th Cir. 1980), and Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980).  However, Lopez held that the fact that the defendant had prejudged the case and "proceeded to judgment despite his knowledge of fundamental constitutional infirmities in the procedure that was followed" is insufficient to overcome judicial immunity, as even allegations of actual malice and corruption would be, for these factors do not change the fact that the arraignment,

4

conviction, and sentencing of Mr. Lopez were functions normally performed by a judge, and the defendant judge had jurisdiction to perform them. Lopez, 620 F.2d at 1234-35. Likewise, the Ninth Circuit's decision in Rankin -- which had held that a judge's private, prior agreement to decide in favor of one party was not a judicial act giving rise to judicial immunity -- was overruled by that court six years later in Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986), where the court concluded that it had improperly shifted its focus from the ultimate act of the judge in Rankin, which was the issuance of a guardianship order as requested by the favored party:

> We concluded in . . . *Rankin* that no immunity applied because we focused not on these ultimate acts but rather on the act of conspiring to predetermine the outcome of the proceeding. There appears to be no other authority for making the underlying conspiracy the determinative act in deciding whether immunity should be available. Judges' immunity from civil liability should not be "affected by the motives with which their judicial acts are performed." Intent should play no role in the immunity analysis. Moreover, allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence. . . . We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges . . . .

Ashelman, 793 F.2d at 1077-78.

Here, the alleged acts of Judge Kennedy in declining to appoint an attorney for plaintiff[2] and in prejudging the case against him involve adjudicatory functions which are normally performed by a judge. Judge Kennedy's jurisdiction to perform such functions in the matter of plaintiff's criminal contempt charge is unquestioned. Therefore, Judge

---

[2]It is worthy of mention that the complaint makes reference to the fact that plaintiff was represented by attorney Greg King at trial, if not earlier in the proceedings on his criminal contempt charge. (Docket Entry No. 1 at 3)

Kennedy is immune from this suit, and certainly from liability for the money damage award sought herein by plaintiff.

While prosecutors such as defendant Branstetter are "absolutely immune from liability under § 1983 for initiating a criminal prosecution," Ireland, 113 F.3d at 1444 (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)), if that prosecution is claimed to have been initiated selectively, upon allegations of purposeful discrimination, then the prosecutor may be subject to liability under § 1983 for an Equal Protection violation. Stemler v. City of Florence, 126 F.3d 856, 873 (6th Cir. 1997). However, the standard for maintaining such a claim is "a demanding one," as "there is a strong presumption that the state actors have properly discharged their official duties . . . ." Id. (quoting United States v. Armstrong, 517 U.S. 456, 463 (1996)). "A claim of selective prosecution can survive dismissal 'only when the motion alleges sufficient facts to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose'"; conclusory allegations of class-based animus will not suffice. Daubenmire v. City of Columbus, 507 F.3d 383, 390 (6th Cir. 2007).

Here, plaintiff alleges that the protective order that he was held in contempt for violating during conservatorship proceedings was also violated by co-conservator M. Beth Boone, "[y]et Mr. Branstetter intentionally declined to prosecute Miss Boone for contempt-of-court." (Docket Entry No. 1 at 4)[3] Therefore, and without further support, plaintiff alleges that defendant Branstetter violated his equal protection rights by selectively prosecuting him. Id. Absent from the pleading of this claim are any allegations of fact regarding the class to which plaintiff belongs, much less any allegations suggesting a

---

[3]Plaintiff does not allege that Ms. Boone was found in contempt of the court's order.

discriminatory purpose directed toward the class by defendant Branstetter, with resulting discriminatory effect on the class by virtue of the selective prosecution. See Stemler, supra. Accordingly, this count of the complaint is entirely conclusory and fails to state a selective prosecution claim upon which relief can be granted.

Finally, it appears that this action fails to state a claim inasmuch as it would be barred by the one-year statute of limitations applicable to § 1983 actions filed in this court, see Tenn. Code Ann. § 28-3-104(a)(3); Clifton v. Sundquist, 3 Fed. Appx. 277, 279 (6th Cir. Jan. 26, 2001), since the alleged violations purportedly took place between January 2009 and January 11, 2010 (Docket Entry No. 1 at 1), and the complaint was not filed until January 24, 2011, more than one year later.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's complaint be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 18th day of January, 2013.

                                                 s/ John S. Bryant
                                                JOHN S. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE